IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Michael Ryan Braun,<br>Petitioner, | )<br>)<br>) |
| v. | )      1:22cv612 (CMH/JFA) |
| | ) |
| Harold W. Clarke,<br>Respondent. | )<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Michael Ryan Braun ("Petitioner" or "Braun"), a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the January 11, 2022 revocation of his suspended sentence by the Circuit Court of the City of Virginia Beach, Virginia because it was "excessive." [Dkt. 1 at 1, 4]. On July 11, 2022, the respondent filed a Rule 5 Answer and a Motion to Dismiss with supporting briefs and exhibits. [Dkt. 8-10]. Petitioner was advised of the opportunity to file responsive materials pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), in accordance with Local Rule 7(K), and he has not responded. Accordingly, this matter is now ripe for disposition. For the reasons that follow, the Court has determined that respondent's Motion to Dismiss must be granted, and the petition dismissed with prejudice.

### I. Procedural History

On September 8, 2014, Braun pleaded guilty in the Circuit Court of the City of Virginia Beach, to driving under the influence (DUI), third conviction within 5 years, and driving with a suspended license, third conviction within 10 years. By order dated July 22, 2015, the court sentenced Braun to five years in prison for the DUI third conviction within five years, and then suspended four years of the sentence; one year in prison for driving while suspended, third conviction within ten years, and then suspended the sentence; and then placed Braun on

supervised probation upon his release from custody. (R. 21-25). Commonwealth v. Braun, Case No. CR14-1174.[1]

On May 18, 2021, the circuit court issued a capias for Braun's arrest because he had violated the terms of his probation. He was arrested on July 5, 2021. (R. at 32-35). On January 11, 2022, the capias was amended to include Braun's December 8, 2021 conviction for tampering with an ignition interlock, he stipulated to the violation, the court found he had violated the terms of his probation, and then continued the matter to determine if Braun was eligible for the Behavioral Correction Program. (R. 45). By letter dated March 7, 2022, the Virginia Department of Corrections ("VDOC") notified Braun, his counsel, and the prosecutor that Braun was eligible for the Behavioral Correction Program.[2] (R. 47). On April 26, 2022, the court noted that it had previously revoked and then re-suspended Braun's remaining four year sentence, and then placed Braun in the Behavioral Corrections Program, "an intensive therapeutic community-style substance abuse treatment program as soon as possible after" he was received by the VDOC. (R. at 53). The final judgment order was entered on May 2, 2022, but there was no appeal.[3] Braun also has not filed a state petition for writ of habeas corpus.

---

[1] Braun was convicted for a third DUI within a five-year period which made him subject to the penalty imposed for a Class 6 felony, with a mandatory minimum sentence of six months in jail. Va. Code Ann. § 18.2-270. A Class 6 felony is punishable by "a term of imprisonment of not less than one year nor more than five years, or in the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than 12 months and a fine of not more than $2,500, either or both." Va. Code § 18.2-10. Braun faced a possible sentence of up to five years in prison for his conviction for the driving with a suspended license after a DUI third conviction within 10 years. See Va. Code §§ 18.2-10 and -272. He was subject to a maximum sentence of ten years in prison and was sentenced to a total of six years in prion with all but one year suspended.

[2] "The Behavioral Correction Program is a substance abuse treatment program that circuit court judges can directly sentence qualified offenders" to and typically requires "two years." Defendants placed in the program must successfully complete "the program … prior to the offender's release." See https://vadoc.virginia.gov/ (Programs Tab, Behavioral Correction Program link) (last viewed Aug. 26, 2022).

[3] Braun admits in his federal habeas petition that he did not file a direct appeal [Dkt. No. 1 at 2], and a search on the Virginia's Judicial System, Case Status and Information website, https://www.vacourts.gov/, (Circuit Court Tab, select Supreme Court of Virginia and Court of Appeals of Virginia, search "Braun, Michael") (last viewed Aug. 26, 2022), did not indicate any appeal had been filed). Braun also admits he has not filed any post-conviction motions or petitions. [Dkt. No. 1 at 6].

## II. Braun's Claim is not Cognizable

Braun's federal petition was filed on or about May 18, 2022 and raises a single claim: "Excessive Sentencing." [Dkt. No. 1 at 4]. In support of his claim, Braun argues that his sentence violated the state guidelines for his offense (a violation of probation), which called for only "3 month[s] to one year" of incarceration; he had already served time on his convictions; and his violation of the good behavior term of his probation was his "first violation." [Id.]. A sentence within legislatively mandated guidelines is presumptively valid, Rummel v. Estelle, 445 U.S. 263, 272 (1980), and there is "[n]o federal constitutional issue ... presented where ... the sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam). Federal habeas courts "afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law." Dennis v. Poppel, 222 F.3d 1245, 1258 (10th Cir. 2000) (citing Haynes v. Butler, 825 F.2d 921, 923-24 (5th Cir. 1987)); see also Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1998) ("[F]ederal courts cannot review a state's alleged failure to adhere to its own sentencing procedures."); Williams v. Duckworth, 738 F.2d 828, 831 (7th Cir. 1984) ("As a general rule, a federal court will not review state sentencing determinations that fall within statutory limits") (citation omitted). Braun does not allege he was sentenced in excess of the range prescribed by state law, that his sentence was not authorized by law, or that his sentence exceeded the statutory limits. Consequently, his petition must be dismissed.

## III. Exhaustion and Default

Even if Braun had raised a cognizable federal claim, "a federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state

3

remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). To satisfy the exhaustion requirement, a petitioner "must have presented to the state's highest court 'both the operative facts and the controlling legal principles.'" Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002) (quoting Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). "A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." Baker, 220 F.3d at 288 (citation omitted). Such claims are simultaneously exhausted and defaulted. Id.

Braun did not file a direct appeal after the final order was entered, and his time for doing so has expired. See Va. Sup. Ct. Rule 5A:6 (notice of appeal to be filed within 30 days). If Braun attempted to raise his claim in a state habeas petition, such a claim would be barred for review on the merits pursuant to the rule of Slayton v. Parrigan, 205 S.E.2d 680, 682 (Va. 1974) (claims that could have been raised on direct appeal are not cognizable in habeas corpus). The procedural default rule set forth in Slayton v. Parrigan is an adequate and independent state law ground for decision that bars federal habeas review of a claim. Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2006).

A federal court, however, may review a defaulted claim if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law" or a fundamental miscarriage of justice. See Vinson v. True, 436 F.3d 412, 417 (4th Cir. 2005). "'[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him ...." See Coleman v. Thompson, 501 U.S. 722, 753 (1991) (citation omitted). To establish cause, a petitioner must "show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule."

Murray v. Carrier, 477 U.S. 478, 488 (1986). The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton v. Muncy, 845 F.2d 1238, 1241-42 (4th Cir. 1988).

Braun has not alleged an external factor prohibited him from exhausting his claim, and his claim is not novel. To serve as justification to excuse a default, a claim of ineffective assistance of counsel must also be exhausted. Justus v. Murray, 897 F.2d 709, 714 (1990).[4] In Braun's case, however, he has not alleged any facts that indicate the underlying claim regarding the sentence imposed is anything more than a state law issue.

Accordingly, it is hereby

ORDERED that respondent's motion to dismiss [Dkt. No. 10] is GRANTED; and it is further

ORDERED that this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 be and is DISMISSED WITH PREJUDICE.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the petitioner wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision. Petitioner also must obtain a certificate of appealability ("COA") from a circuit justice

---

[4] If Braun chooses, he has time to pursue a claim of ineffective assistance of counsel in state court. Virginia's statute of limitations for a claim of ineffective assistance of counsel in a revocation proceeding is one year. See Booker v. Dir. of the Dep't of Corr., 727 S.E.2d 650, 650 (Va. 2012) (The limitation period for habeas corpus petitions challenging revocation hearings is one year after the cause of action accrues" which is the date "the circuit court entered the order under which petitioner is currently detained") (Va. Code Ann. § 8.01-654(A)(2)).

5

or judge. See 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). For the reasons stated above, this Court expressly declines to issue such a certificate.

The Clerk is directed, pursuant to Federal Rule of Civil Procedure 58, to enter final judgment in favor of respondent; to send a copy of this Memorandum Opinion and Order to petitioner and counsel of record for respondent; and to close this civil action.

Entered this 29th day of Aug. 2022.

/s/ Claude M. Hilton
United States District Judge

Alexandria, Virginia